# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DONALD ASHER,** | ) |
| Plaintiff, | ) ) |
| v. | ) No. 05 C 6225 |
| **BANK ONE and CAROL MACKENZIE,** | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald Asher has filed a complaint against defendants Bank One Chase Bank USA, N.A. ("Chase") and Carol MacKenzie. Defendant Chase has moved for summary judgment on plaintiff's claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1643. For the following reasons, the motion is granted.

I.

During the relevant time period in 2001-2004, Asher had a personal credit card account with Chase. At the time, Asher operated a family business in Chicago, in which he managed investments. He had employed defendant MacKenzie as a secretary since 1982. MacKenzie's responsibilities specifically included reviewing Asher's personal and business bills, including the Chase credit card. MacKenzie was tasked with checking the line item charges on the Chase credit card statements against receipts from the previous month, and crossing out line item charges which had a corresponding receipt. MacKenzie would then attach the receipts to

the statements for Asher to review and authorize payment. Asher also gave MacKenzie his credit card information in writing in case it was needed in an emergency.

In May 1999, MacKenzie began operating her own sign business called "A Sign of the Tymes." As part of her business practice, MacKenzie would take customers' credit card numbers over the phone when an order was placed. Beginning in February 2001, MacKenzie began using Asher's Chase credit card information to incur charges for her business. No receipts were ever generated. Asher contends MacKenzie improperly charged $77,655 on his card from February 2001 through March 2004.

During this time period, Asher continued to receive credit card statements from Chase. These reflected the charges MacKenzie had placed from her business. Although there were no receipts, MacKenzie would cross out her charges on the statement. Asher never questioned MacKenzie about the "A Sign of the Tymes" charges. Between February 2001 and March 2004, Asher authorized the preparation of checks — signed by him, his brother and business partner, or wife — for the amounts due as reflected in the credit card statements.

In March 2004, Asher learned of the "A Sign of the Tymes" charges while traveling abroad. Asher cannot recall whether his credit card had been declined or how he had been informed of the unfamiliar charges, but he contacted Chase over the telephone and

informed it of the situation. That same month, Asher began his own investigation of the charges with the assistance of his cousin, who was an attorney. His investigation led him to discover that the charges dated back to 2001 and were processed by MacKenzie. MacKenzie was fired from her position as Asher's assistant and later pled guilty to criminal charges related to her personal business charges. Meanwhile, Asher requested Chase credit the amount of the charges processed for MacKenzie's business dating back to 2001. Chase conducted some type of investigation into Asher's claim and concluded the disputed charges were not the result of unauthorized use of the credit card and refused to credit the charges. This lawsuit ensued. Plaintiff filed his complaint on or about September 19, 2005.

In his complaint, plaintiff seeks relief against Chase under 15 U.S.C. § 1643, which limits a cardholder's liability for the unauthorized use of the credit card to $50 (count I), and for breach of the credit card agreements (count II). Count III of the complaint is directed solely toward MacKenzie, who has not filed for summary judgment.

II.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 787 (7th Cir. 2007); FED. R.

CIV. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

III.

Chase moves for summary judgment on plaintiff's TILA claim on the ground that it is time-barred. Under the terms of the statute, 15 U.S.C. § 1643 is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); *Durham v. Loan Store, Inc.*, No. 04 C 6627, 2006 WL 3422183, at *4 (N.D. Ill. Nov. 27, 2006) (Coar, J.) ("[A]ll TILA actions, unless otherwise noted, must be brought within one year from the date the violation occurred."). Plaintiff, who filed his complaint more than one year after the March 2004 notification of the charges at issue, attempts to avoid summary judgment on the ground that defendant has not established when plaintiff became contractually obligated to pay the charges.

Plaintiff's argument lacks merit. Under the terms of 15 U.S.C. § 1643, "[a] cardholder shall be liable for the unauthorized use of a credit card [so long as the liability is not in excess of $50]" when certain conditions are met. Section 1602(o) defines the term "unauthorized use" as "a use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." Plaintiff's argument that no contractual

4

obligation exists between plaintiff and defendant (or anyone else) because the underlying charges were fraudulent, and therefore the statute of limitations did not begin to run at the time of the alleged unauthorized uses in question, is inconsistent with the language of the statute. First, the language of § 1643 presupposes some type of contractual relationship between the cardholder and the card issuer. Otherwise, this section would be rendered a nullity for a cardholder would never be "liable" and would never have to seek redress under the statute. In other words, if, as Asher contends, he is not bound to pay the amounts at issue, then he need not resort to the protections afforded under § 1643. Second, plaintiff seeks to recover from Chase for a breach of the cardholder agreement and submits, in its opposition to the motion for summary judgment, the VISA USA, Inc. (VISA) corporate by-laws and regulations which provide that "[t]o issue Cards means to enter into direct contractual relationships as the principal party with holders of Cards." (Pl. Resp. Br. at Exh. O at 4.) The complaint itself alleges the existence of a contractual relationship between the parties. (Compl. at p. 4 ¶ 16.) In sum, plaintiff's argument that the statute of limitations has not run based on the alleged unauthorized nature of transactions is not supported by the language of the statute or the record in this case.

Here, plaintiff began incurring the alleged unauthorized charges on his card as early as February 2001 and through March

2004. He does not dispute that he was sent credit card statements from Chase during this time period which reflected the alleged unauthorized charges. He claims he was unable to properly view the charges because of MacKenzie's wrongdoing, but nonetheless made payments to Chase for the charges at issue throughout that period. To the extent that the statute of limitations did not begin to run at the time of the transactions, plaintiff plainly admits that he discovered the charges in March 2004. This is still more than one year prior to the filing of the complaint. This exceeds TILA's statute of limitations.

Moreover, plaintiff's convoluted argument for tolling the statute of limitations in light of 15 U.S.C. § 1666 and its enacting regulation also fails. First, this argument has no relevance for purposes of plaintiff's § 1643 claim in count I, as § 1666 sets forth a different cause of action. Regulation Z, the enacting regulation, requires a creditor to "comply with the appropriate resolution procedures . . . within 2 complete billing cycles (but in no event later than 90 days) after receiving a billing error notice." 12 C.F.R. § 226.13(c)(2). Second, plaintiff's complaint is devoid of allegations which would state a claim against Chase under § 1666. A party may not "amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 606 (7th Cir. 2000) (quotation omitted). Specifically, the

complaint fails to reference § 1666 and does not plead that plaintiff complied with the regulation's notice requirements. Regulation Z defines a "billing error notice" as "a written notice from a consumer . . . received by a creditor . . . no later than 60 days after the creditor transmitted the first periodic statement that reflects the alleged billing error." 12 C.F.R. § 226.13(b)(1); *see also Greisz v. Household Bank*, 8 F. Supp. 2d 1031, 1042 (N.D. Ill. 1998) ("[A] creditor's duty to investigate and to resolve an alleged billing error is triggered only when the consumer provides proper written notice to the creditor within 60 days of the creditor's transmission of the first allegedly erroneous billing statement."). Here, the only written notices proffered by Asher in opposition to the motion for summary judgment (which are not referenced or attached to the complaint) are outside the requisite 60 day period. (*See* Pl. Resp. at Ex. N.) Finally, even if properly pled, defendant would still be entitled to summary judgment on this claim for the same reasons. Specifically, there is no evidence in the record that contradicts defendant's contention that plaintiff failed to comply with the notice requirements of § 1666.

Accordingly, plaintiff's TILA claim is time-barred and defendant is entitled to summary judgment.[1]

---

[1] To the extent plaintiff seeks relief for breach of contract in count II, defendant's TILA statute of limitations arguments do not apply and plaintiff is not entitled to summary judgment.

IV.

For the foregoing reasons, defendant Chase's motion for summary judgment on plaintiff's TILA claim is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 7, 2008

---

Although defendant alludes to plaintiff's breach of contract claim (Def. Rply. at 7), neither of the parties briefed this issue.

8